**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ERNEST E. LIGGETT

Plaintiff,

v.

THE BOROUGH OF BROWNSVILLE, et al.

Defendants.

Civil Action No. 14-1086

United States Magistrate Judge Maureen P. Kelly

**JURY TRIAL DEMANDED.**

**REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, Borough of Brownsville; Brownsville Borough Code Enforcement Officer, Edward E. Nicholson; Brownsville Borough Mayor, Lester J. Ward; Borough of Brownsville Council Members Jack J. Lawver, Thomas Bush, John T. Hosler, James S. Lawver, Charles B. Perkins, Ross T. Swords, Jr., and Tracy Zivkovich (collectively, "Moving Defendants"), through their attorneys, Thomas, Thomas & Hafer, LLP, respectfully submit this Reply to Plaintiff's Brief in Opposition to said Defendants' Motion to Dismiss Amended Complaint:

## I. ARGUMENT

### A. Plaintiff has failed to demonstrate that his claims are not time-barred or precluded by judicial estoppel.

As set forth in Moving Defendants' Brief in Support of Motion to Dismiss Amended Complaint (Document 16)("Principal Brief"), the events alleged in the Amended Complaint occurred between 1991 and March 2012, and, other than with respect to citations allegedly issued to Plaintiff on March 8, 2012, are barred by the applicable statutes of limitations. In opposition to the pending Motion to Dismiss, Plaintiff now argues that his claims did not accrue until March 7, 2013, when "the Redevelopment Authority of the

County of Fayette (RACF) in conjunction with the Defendants jointly released a request for proposals (RFP) for developers interested in the redevelopment of the downtown Brownsville's Historic Commercial District," which allegedly was "literally cut and pasted from Plaintiff's original marketing materials." (Document 25, p. 6).[1] Plaintiff has not attached a copy of this purported RFP, but only of a document that appears to be his own purported "marketing materials." (Document 25, Exhibit 1). Plaintiff refers to the release of the purported RFP as the "Triggering Event" for purposes of the statute of limitations. Notably, despite the alleged significance of this event, nowhere in the 220-paragraph Amended Complaint (Document 12) is the March 7, 2013 release of the RFP pled.

Moreover, Plaintiff's argument that he was not aware of his claims until the alleged release of the RFP is entirely without merit. According to Plaintiff, Defendants' alleged wrongful conduct consisted of alleged acts including: allegedly "threatening Plaintiff with incarceration"; allegedly "prosecuting the Plaintiff for code issues through their prejudicial abuse of power..."; allegedly "fail[ing] to certify, supervise or train Code Enforcement Officers"; allegedly "enforc[ing] expired property maintenance codes against the Plaintiff..."; allegedly refus[ing] to grant Plaintiff building permits to obviate code concerns"; allegedly "cit[ing] Plaintiff personally for properties owned by his corporate entities..."; allegedly "fin[ing] Plaintiff excessively..."; allegedly "ignor[ing] Plaintiff's request for assistance from (sic) incidents of theft, damage and/or vandalism"; and allegedly "preclud[ing] Plaintiff's inspection of public documents...." (Document 25, pp. 8-11). Contrary to Plaintiff's argument that his claims based upon these alleged events did

---

[1] In the Amended Complaint, Plaintiff pleads that it was RACF (a County entity which not a party to this litigation) that "took [Plaintiff's] marketing and redevelopment ideas and is currently pursuing the use of those ideas in prosecuting the redevelopment of the town." (Document 12, ¶ 1).

not become actionable until March 7, 2013, Defendants' alleged appropriation of Plaintiff's purported marketing plan was not the "physical manifestation" of the above-referenced alleged acts, as Plaintiff claims, but rather a separate and distinct alleged event that neither supports the application of the discovery rule nor implicates any federal right under 42 U.S.C. § 1983 or any violation of RICO. Moreover, if any of the above-referenced alleged acts violated Plaintiff's rights, which Moving Defendants deny, the same would have been apparent to and actionable by Plaintiff at the time of such occurrences, which, as addressed in Section V.B. of Moving Defendants' Principal Brief, are beyond the statute of limitations. The statute of limitations is not tolled until a plaintiff becomes aware of the full extent of his or her alleged injury, or until he or she discovers evidence that purportedly supports his or her claims. *See Southersby Dev. Corp. v. Borough of Jefferson Hills,* 852 F. Supp. 2d 616, 625 (W.D. Pa. 2012)(Kelly, M.J.)(explaining that the plaintiff's lack of documentary evidence that the borough's actions allegedly violated his rights "is of no moment" to the statute of limitations analysis)(citing *Ormsby v. Luzerne County Dept. of Public Welfare*, 149 Fed.Appx. 60, 63–63 (3d Cir.2005)(concluding that Section 1983 and 1985 claims accrued when plaintiff learned that she suffered injuries due to defendants' actions, not when she "obtained all of the facts surrounding her claims and realized that the defendant had violated her constitutional and civil rights")).

With respect to the judicial estoppel issue raised in Moving Defendants' Principal Brief, Plaintiff claims that he did not conceal his purported claims against Moving Defendants in his bankruptcy proceeding, because he filed his bankruptcy schedules prior to the "Triggering Event" of March 7, 2013, which, according to Plaintiff, was the "physical manifestation of Defendants' ongoing scheme to financially cripple [him], take

his property and marketing plan and redevelop the property themselves." (Document 25, p. 17). In the instant lawsuit, Plaintiff characterizes his purported marketing plan as a valuable asset in which he had allegedly invested considerable "toil and expense," and for which he claims to be entitled to monetary compensation from the Defendants. (Document 25, at 34); see also Document 12, ¶ 1 (asserting that Plaintiff developed his plan to revive the Borough's downtown business district "[a]t great personal expense"); *id.*, p. 60 (asserting that "Defendants realized a substantial cost savings" by allegedly "taking plaintiff's development plan and marketing materials"). It is undisputed that Plaintiff was not discharged from bankruptcy until July 11, 2014. Despite the substantial monetary value Plaintiff ascribes to his purported marketing plan, which he seeks to recover in the instant action, at no time during the 16-month period from March 2013 through July 2014 did Plaintiff amend his bankruptcy schedules to identify his claims against the Defendants for allegedly appropriating the same as a contingent or unliquidated asset.[2] *See* Document 16, Exhibit A.

Plaintiff relies upon *Ryan Operations v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996), for the proposition that the non-disclosure of an asset in a bankruptcy proceeding does not necessarily support the application of judicial estoppel. However, in *Ryan*, the court explained that it did not infer bad faith on the part of the plaintiff in that case, because it not only failed to disclose a substantial contingent asset (in the form of claims the debtor had against other parties), but also failed to disclose corresponding

---

[2] The only authority Plaintiff cites in support of his contention that he was allegedly under no duty to amend his schedule of assets is case law from the state courts of Georgia, which is clearly inconsistent with the controlling authority relied upon by Moving Defendants. *See Krystal*, 337 F.3d at 320-21 (3d Cir. 2003)(holding that the plaintiff could not escape the application of judicial estoppel where it delayed its efforts to amend its bankruptcy filings to disclose claims against the defendants until it was notified by the court of the potential application of judicial estoppel.).

liabilities (in the form of claims that those parties had against the debtor in relation to the same dispute) which offset that contingent asset. *Id.* at 363.  As such, the Court observed, "the balance of assets and liabilities before the court and creditors when the reorganization plan was approved may have been unaffected by the failure to list the claims as assets." *Id.*  The Court therefore declined to infer that the debtor/plaintiff "deliberately asserted inconsistent positions in order to gain advantage." *Id.*  However, the Court indicated that absent such circumstances, it is "generally...reasonable to assume that a debtor who fails to disclose a substantial asset in bankruptcy proceedings gains an advantage." *Id.*  In the present case, Plaintiff's pleadings and the records of his bankruptcy proceeding reflect no such factors which would offset his failure to disclose his purported claims against the Defendants.  Instead, the circumstances of this case compel the result reached by the Third Circuit in *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors*, 337 F.3d 314 (3d Cir. 2003), in which the Court affirmed dismissal of the plaintiff's lawsuit at the pleadings stage, on judicial estoppel grounds, where the plaintiff had not attempted to amend its bankruptcy schedules to identify known claims against the defendants until the "eleventh hour" of the bankruptcy proceeding.  *Id.* at 325 (holding that an evidentiary is not required to establish bad faith, for judicial estoppel purposes, where a debtor/plaintiff failed to disclose a claim in a bankruptcy proceeding).

For the above-stated reasons, along with the reasons set forth in Moving Defendants' Principal Brief, Plaintiff's claims should be dismissed with prejudice on the basis of the statute of limitations and/or judicial estoppel.

**B. Plaintiff's Brief in Opposition references claims which were not pled in the Amended Complaint, and which are legally insufficient.**

In the 4-count Amended Complaint, Plaintiff asserts claims for alleged violation of his equal protection rights (Count I); alleged "deprivation of civil rights" under 42 U.S.C. § 1983 (Count II);[3] a civil RICO claim (Count III); and an unjust enrichment claim (Count IV). In his Brief in Opposition to Moving Defendants' Motion to Dismiss the Amended Complaint, Plaintiff argues that the Defendants' alleged conduct also violated the Pennsylvania Constitution and his rights under the First, Fourth, Eighth, and Ninth Amendments, and his procedural due process rights under the Fourteenth Amendment. (Document 25, pp. 8, 27-28). However, no such claims were raised in the Amended Complaint, such that Defendants respectfully submit that Plaintiff's arguments in relation to the same should be stricken. Additionally or alternatively, Moving Defendants previously addressed the legal insufficiency of such claims in their Brief in Support of Motion to Dismiss Plaintiff's original Complaint, and the allegations of the Amended Complaint have not cured these deficiencies. *See* Document 3, Sections IV.D., E., G., H., I., and M.).

**C. Plaintiff has not cured his failure to effect proper service upon Moving Defendants.**

Plaintiff has not addressed Moving Defendants' argument that he failed to effect service of process upon Moving Defendants in the state court action by which the instant litigation was commenced, but argues that he has since effected service upon Moving

---

[3] According to the Amended Complaint, the basis of Count II is that Defendants allegedly used the Borough's property maintenance code to harass and financially cripple Plaintiff until, via a July 12, 2010 county tax sale, Defendants allegedly took possession of Plaintiff's property, allegedly depriving him of the right to own and develop property and using his marketing plan to advertise the property for redevelopment. (Document 12, p. 57). In his Brief in Opposition, Plaintiff now concedes that he is not asserting a "taking" claim. (Document 25, p. 26).

Defendants pursuant to the Federal Rules of Civil Procedure, in that he has purportedly accomplished service via the documents attached to Plaintiff's Brief in Opposition as Exhibit 2.

Service of process is governed by Federal Rule of Civil Procedure 4, which requires that the plaintiff cause a summons to be issued as to each defendant to be served, and serve the summons, along with a copy of the complaint, upon each defendant within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(b), 4(c)(1), 4(m). Service may be made by any person at least 18 years of age who is not a party to the action, or by a United States marshal or other person specially appointed by the court. Fed.R.Civ.P. 4(c)(2), 4(c)(3). To effect service upon an individual defendant, any such person must deliver a copy of the summons and the complaint to the individual personally, or leave copies of the same at his dwelling house or usual place of abode with a person of suitable age and discretion residing therein. Fed.R.Civ.P. 4(e)(2). An individual may also be served pursuant to the law of the state in which the district court is located. Fed.R.Civ.P. 4(e)(1). **"Unless service is waived, proof of service must be made to the court...by the server's affidavit,"** except where service is effected by a United States marshal. Fed.R.Civ.P. 4(l).

Plaintiff has appended to his Brief in Opposition documents which he claims to constitute proof of service. The documents purport to set forth a statement by a purported process server that a "summons with endorsed complaint" was served upon the Borough and Defendants Ward, Jack Lawver, James Lawver, Bush, Hosler, Perkins, Swords, Zivkovich, and Ryan on November 3, 2014. However, the docket in this action does not reflect that any summonses have been issued by the Court, or that any of the Defendants have executed waivers of service. To the extent that the purported

"summons" referenced in each of the documents comprising Plaintiff's Exhibit 2 refers to the Praecipe for Writ of Summons in the underlying state court action, the same was filed on March 3, 2014 such that it expired on April 2, 2014 (see Pa.R.C.P. 401(a), 401(b)(1)), and the state's court docket reflects that the same has never been reissued (*see* Exhibit F hereto), such that any purported service of the same on November 3, 2014 is ineffective. Nor have the documents attached as Exhibit 2 to Plaintiff's Brief in Opposition been filed with this Court as required by Federal Rule of Civil Procedure 4(l), as of the date this Reply was submitted.

Accordingly, Moving Defendants respectfully submit that Plaintiff has failed to effect service of process, such that the Amended Complaint should be dismissed due to lack of jurisdiction.

## II. CONCLUSION

For the reasons set forth above, in conjunction with the reasons set forth in their principal Brief in Support of Motion to Dismiss Amended Complaint (Document 16), Moving Defendants respectfully request that the Court enter an order dismissing the Amended Complaint with prejudice, in its entirety, pursuant to Rule 12(b)(6) on grounds of judicial estoppel, the statute of limitations, and/or the legal insufficiency of all claims, or, alternatively, enter an order dismissing the Amended Complaint based upon Plaintiff's failure to effect service of process.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By:______________________________

Thomas P. McGinnis, Esquire
Pa. ID # 46666
Karin M. Romano, Esquire
Pa. ID # 92068
Jeffrey D. Truitt, Esquire
Pa. ID # 309037

Counsel for Defendants, Borough of Brownsville, Brownsville Borough Code Enforcement Officer, Edward E. Nicholson, Brownsville Borough Mayor, Lester J. Ward, and Borough of Brownsville Council Members, Jack J. Lawver, Thomas Bush, John T. Hosler, James S. Lawver, Charles B. Perkins, Ross T. Swords, Jr. , Tracy Zivkovich, and Norma J. Ryan